**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

HOLLY HOLT,

PLAINTIFF,

v. CIVIL ACTION NO.:

AJ'S OYSTER SHANTY, LLC.

DEFENDANTS.
______________________________/

# COMPLAINT

Plaintiff, Holly Holt, (hereinafter referred to as the "Plaintiff" or "Holt"), by and through her undersigned attorney, sues Defendants, AJ's Oyster Shanty, LLC, (hereinafter referred to as the "Defendant" or "AJ's") and alleges as follows:

## *INTRODUCTION*

1. Plaintiff brings this action to remedy acts of discrimination and retaliation pursuant to the provisions of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105; Battery; Assault; Intentional Infliction of Emotional Distress and Negligent Supervision and Retention.

## *JURISDICTION AND VENUE*

2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

3. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k) and Fed. R. Civ. P. 54.

5. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), and because the unlawful employment practices were committed in this judicial district. This court further has jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) as those claims form part of the same case or controversy.

6. All conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f). Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202129618) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202100595) on May 24, 2021. On November 19, 2021, Plaintiff received Notice of Determination from FCHR pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested his 90-day Notice of Right to Sue letter from the EEOC which was received on June 14, 2022.

*PARTIES*

7. Plaintiff is a Caucasian female and a citizen of the State of Florida, who resides in Shalimar, Florida.

8. Defendant, AJ's Oyster Shanty, LLC, ("AJ's") is a corporation that is licenses to do and does business in the State of Florida, Santa Rosa County.

9. Defendant, AJ's Oyster Shanty, LLC, ("AJ's") is an employer within the meaning of, and as defined in, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, as it employees in excess of fifteen (15) employees, and the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105, as it employees in excess of ten (10) employees.

## *GENERAL FACTS*

10. Plaintiff is a 41-year-old Caucasian female.

11. Plaintiff was employed by AJ's Oyster Shanty, LLC. (AJ's) in Fort Walton Beach, Florida as a server from February 8, 2021 until April 30, 2021.

12. During Plaintiff's employment with Defendant, she performed the duties and responsibilities of her position in a satisfactory manner.

13. Shortly after beginning work for Defendant, Plaintiff was working the night shift.

14. This shift required that Plaintiff work with the kitchen manager, Tevin Belanger (male).

15. While working with Mr. Belanger, he treated Plaintiff and the other

female employees horribly including calling them sluts, bitches and hoes among other things.

16. Mr. Tevin Ballinger intimidated Plaintiff through name calling including repeatedly calling her a slut, bitch and whore.

17. Mr. Ballinger would invade Plaintiff's personal space by standing within inches of her when there was no need to be that close, he would also walk up behind her (when we weren't busy) and puff up in an attempt to scare her (which he did), and insulting Plaintiff's appearance.

18. Plaintiff reported Mr. Ballinger's treatment of her and the others to management.

19. Plaintiff was moved to the day shift, which resulted in a reduction in income.

20. The Mr. Ballinger then began coming in at noon and which required Plaintiff to continue to work with him.

21. His behavior and treatment of Plaintiff did not change but got worse.

22. On one occasion, Plaintiff was working with him, and he flipped a sharp steak knife at her chest.

23. Plaintiff was repeatedly referred to as a "stupid bitch," "trash ass hoe," etcetera.

24. Plaintiff again reported the incident, nothing was done.

25. Plaintiff was told the camera angle and location of the incident was not available, and unfortunately nothing was caught on camera.

26. Plaintiff was told by all management repeatedly to ignore Mr. Ballinger, and nothing would be done to change the situation.

27. The verbal abuse escalated to physical, and Mr. Ballinger became even more violent and physical towards Plaintiff, to the point that he slammed Plaintiff into the soup well.

28. Plaintiff again reported it to her manager, who said it was not on camera and therefore did not happen.

29. Defendant was not concerned that one of its managers physically assaulted an employee.

30. It was apparent to Defendant that Plaintiff and Mr. Belanger would not be able to work together.

31. However, instead of terminating the manager that physically assaulted and battered an employee, Defendant sided with Mr. Belanger (male) as the Kitchen Manager versus Plaintiff who was just a female server.

32. Following the physical assault, Plaintiff filed a police report. When the police asked to see the video surveillance, Defendant refused without a warrant or subpoena.

33. Plaintiff was discharged four hours after reporting the physical assault

inflicted on her by Mr. Ballinger.

*FIRST CAUSE OF ACTION*
*(Title VII - Gender Discrimination)*

34. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 7 through 33 of this complaint with the same force and effect as if set forth herein.

35. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her gender in violation of the Title VII of the Civil Rights Act of 1964.

36. Plaintiff is a Caucasian female.

37. Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual harassment of Plaintiff by Mr. Belanger.

38. During Plaintiff's employment with Defendant, she was subject to unwelcome harassment and physically assaulted by Mr. Belanger.

39. No male employees were the subject of harassment at Defendant's restaurant.

40. The harassment Plaintiff was sufficiently severe and pervasive as Mr. Belanger harassing actions were continual and on a regular basis while employed by Defendants.

41. Plaintiff reported the workplace harassment on more than one occasion

and that the continued harassment was causing her anxiety and stress each time Mr. Belanger came into the restaurant. Defendant's failure to act on Mr. Belanger's behavior further resulted in tension and hostility towards Plaintiff from Mr. Belanger and other staff members.

42. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

*SECOND CAUSE OF ACTION*
*(Title VII - Retaliation)*

43. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 7 through 33 of this complaint with the same force and effect as if set forth herein.

44. Defendant retaliated against Plaintiff for availing herself of the protections afforded her pursuant Title VII of the Civil Rights Act of 1964.

45. Plaintiff objected to, and refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule or regulation.

46. Plaintiff is a Caucasian female.

47. Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual harassment of Plaintiff by Mr. Belanger.

48. During Plaintiff's employment with Defendant, she was subject to

unwelcome harassment and physically assaulted by Mr. Belanger.

49. No male employees were the subject of harassment at Defendant's restaurant.

50. The harassment of Plaintiff was sufficiently severe and pervasive as Mr. Belanger harassment and physical assaults and threats were continual while Plaintiff was employed by Defendant.

51. Plaintiff reported the workplace harassment and physical assaults on more than one occasion and that the continued harassment was causing her anxiety and stress each time Mr. Belanger came into the restaurant. Defendant's failure to act on Plaintiff's complaints actions further resulted in tension and hostility towards Plaintiff by Mr. Belanger and other staff members.

52. After having been physically assaulted by Mr. Belanger a second time, Plaintiff called the police to file charges.

53. Within hours of having called the police, Plaintiff's employment with Defendant was terminated.

54. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

*THIRD CAUSE OF ACTION*
*(Title VII Sexual Harassment)*

55. Plaintiff repeats and re-alleges each and every allegation contained in

paragraph 7 through 33 of this complaint with the same force and effect as if set forth herein.

56. Defendant discriminated against and sexually harassed Plaintiff in the terms and conditions of her employment through continued and ongoing adverse actions and treatment by Defendant in violation of the Title VII of the Civil Rights Act of 1964.

57. Plaintiff is a Caucasian female.

58. Plaintiff's workplace was permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual sexual harassing and sexually derogatory and demeaning name calling of Plaintiff by Mr. Belanger.

59. During Plaintiff's employment with Defendant, she was subject to unwelcome sexual harassing and sexually derogatory and demeaning name calling by Mr. Belanger.

60. No male employees were the subject of harassment at Defendant's restaurant.

61. The harassment of Plaintiff was sufficiently severe and pervasive as Mr. Belanger's sexual harassing and sexually derogatory and demeaning actions were continual and on a regular basis while employed by Defendant.

62. Plaintiff reported the workplace physical assaults and sexual

harassment on more than one occasion and that the continued harassment was causing her anxiety and stress each time Mr. Belanger came into the restaurant. Defendant's failure to act on Mr. Belanger's behavior further resulted in tension and hostility towards Plaintiff from Mr. Belanger and other male staff members.

63. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

*FOURTH CAUSE OF ACTION*
*(Title VII - Hostile Work Environment)*

64. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 7 through 33 of this complaint with the same force and effect as if set forth herein.

65. Plaintiff was the subject of workplace harassment through continued and ongoing adverse working conditions and treatment by Defendant which created a hostile working environment in violation of Title VII of the Civil Rights Act of 1964.

66. Plaintiff objected to, and refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule or regulation.

67. Plaintiff is a Caucasian female.

68. Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and

stop the physical assaults and continual sexual harassing and sexually derogatory and demeaning name calling of Plaintiff by Mr. Belanger.

69. Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual physical assaults and continual sexual harassing and sexually derogatory and demeaning name calling of Plaintiff by Mr. Belanger.

70. During Plaintiff's employment with Defendant, she was subject to unwelcome physical assaults and continual sexual harassing and sexually derogatory and demeaning name calling of Plaintiff by Mr. Belanger.

71. No male employees were the subject of harassment at Defendant's store/facility.

72. The harassment Plaintiff was sufficiently severe and pervasive as Mr. Belanger actions were continual and on a regular basis while employed by Defendants.

73. Plaintiff reported the workplace physical assaults and continual sexual harassing and sexually derogatory and demeaning name calling on more than one occasion and that the continued harassment was causing her anxiety and stress each time Mr. Belanger came into the office. Defendant's failure to act on Mr. Belanger's actions further resulted in tension and hostility towards Plaintiff from Mr. Belanger and other male staff members.

74. Defendant's failure to act or put an end to the physical assaults and continual sexual harassing and sexually derogatory and demeaning name calling of Plaintiff resulted in her having anxiety and stress and further lead to her termination.

75. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

*FIFTH CAUSE OF ACTION*
(VIOLATION OF THE FLORIDA PRIVATE SECTOR WHISTLE-BLOWER'S ACT
*Fla. Stat. Sections* 448.101—448.105- against PBSS)

76. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 7 through 33 of this complaint with the same force and effect as if set forth herein.

77. This is an action for a violation of the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105.

78. At all material times herein, Plaintiff was an employee of the Defendant within the meaning of *Florida Statute Section* 448.101(3).

79. At all material times herein, Defendant was an employer, within the meaning of *Florida Statute Section* 448.101(3).

80. Most recently, Plaintiff was employed as a waitress and she was qualified for the position.

81. During her employment, Plaintiff reported and objected to Defendant's management and corporate human resources the harassment and assault and battery by a male employee, thus creating an unsafe workplace by exposing Plaintiff to an individual that physically assaulted and battered her.

82. After Plaintiff's reportings and objections, which were based upon the reasonable and good faith beliefs of the Plaintiff, that the applicable federal and state law had been violated, Defendant's management harassed Plaintiff and terminated Plaintiff's employment after she continued to object to this continued harassment and refusal to provide a safe place to work.

83. There was no substantive or reasonable business justification for the termination of Plaintiff's employment, she had not been previously warned of a deficient job performance.

84. Plaintiff objected, according to a reasonable and *bona fide* good faith belief, to the activities, policies and or practices of the Defendant, which violated pertinent regulatory laws, rules and regulations, namely the Occupational Safety and Health Act's (OSH Act) General Duty Clause, 29 U.S.C. § 654, requires employers to provide a safe and healthful workplace for all workers covered by the OSH Act.

85. OSHA General Duty Clause, Section 5 (a) (1) of the Occupational Safety and Health Act, requires that each employer furnish to each of its

employees a workplace that is free from recognized hazards that are causing or likely to cause death or serious physical harm.

86. Plaintiff's discharge was in close proximity to the aforementioned legal objections, in that Plaintiff was terminated after her continued objections to the Defendant regarding physical assault and continued retaliation and harassment in violations of applicable law, policy, rule and or regulation, in that Defendant had committed repeated and egregious violations and failure to abide by and carry out the regulatory mandates for employee workplace safety.

87. There was no legitimate business reason, or business justification, for implementing the termination of Plaintiff from her employment with Defendant; and Plaintiff's objections to Defendant's legal violations were consistently and reasonably made, in good faith.

88. The adverse personnel action, the termination of Plaintiff's employment, as described and set forth above, clearly violated *Florida Statute Section* 448.102(3); and such action clearly constituted a prohibited employment practice, contrary to the public policy of the State of Florida.

89. As a result of the Defendant's violations of the Florida Private Sector Whistleblower Act, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained

compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory discharge from employment.

90. As a result of being wrongfully and unlawfully discharged from her employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

91. Plaintiff has retained the undersigned attorney to assist her in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for her professional services.

92. Plaintiff is entitled to recovery of reasonable attorney's fees and costs, pursuant to §448.104, *Florida Statutes*.

*PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a) Declaring the acts and practices complained of herein are violation of the Rehabilitation Act, Title VII, Florida Private Sector Whistleblower Act;

b) Enjoining and permanently restraining those violations of the Rehabilitation Act, Title VII, Florida Private Sector Whistleblower Act;

c) Directing the Defendant to take such affirmative action as is necessary

to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

e) Awarding Plaintiff Front Pay in lieu of reinstatement;

f) Awarding Plaintiff compensatory damages;

g) Awarding Plaintiff liquidated damages;

h) Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

i) Granting such other and further equitable relief as the Court deems just and proper in the premises.

***DEMAND FOR JURY TRIAL***

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: August 30, 2022.

By: */s/ Clayton M. Connors*
CLAYTON M. CONNORS
Florida Bar No.: 0095553
Email: cmc@westconlaw.com

**THE LAW OFFICES OF**
**CLAYTON M. CONNORS, PLLC**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel: (850) 473-0401
Fax: (850) 473-1388
*Attorney for the Plaintiff*